UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES FREDRIC PELCZAR,

                          Plaintiff,                    NOT FOR PUBLICATION
-against-                                        **MEMORANDUM & ORDER**
                                                        16-CV-55 (CBA) (LB)
DOREEN M. PELCZAR,

                          Defendant.
------------------------------------------------------------x

**AMON, United States District Judge:**

Before the Court is Defendant Doreen Pelczar's ("Defendant") request to vacate Plaintiff's voluntary dismissal of this case without prejudice and to instead grant Defendant's motion for judgment on the pleadings. For the reasons discussed below, Defendant's request is denied.

## BACKGROUND

In this case arising out of the disposition of his parent's property after their death, pro se Plaintiff James Pelczar sued his sister Doreen Pelczar, along with a number of attorneys who represented Defendant before the probate court, alleging that their actions deprived him of his right to inherit the property, in violation of 42 U.S.C § 1982. (See D.E. # 1 ¶¶ 16–19, 50.) After Defendants filed requests for a pre motion conference to dismiss, (D.E. # 7, 9, 11), which in part articulated that Plaintiff failed to state a claim under § 1982, Plaintiff amended his complaint, dismissing the attorney defendants and asserting only a claim for wrongful conversion against Defendant, (see D.E. # 14, 16; D.E. dated February 4, 2016). On March 4, 2016, Defendant filed and sent Plaintiff a notice of motion and her brief in support of her motion for judgment on the pleadings. (See D.E. # 17.) After Defendant's brief was sent to Plaintiff, but before the motion was fully briefed, Plaintiff on March 28, 2016 filed a notice of voluntary dismissal under Federal

1

Rule of Civil Procedure 41(a)(1)(A)(i), dismissing the case against Defendant without prejudice. (D.E. # 19 at 1–2.) The Clerk of Court accordingly terminated Defendant and closed the case. Nearly two weeks later, on April 13, 2016, Defendant filed the fully briefed motion for judgment on the pleadings with the Court, which included—in the reply brief—a request that the Court "go further than merely permit dismissal without prejudice" and instead dismiss with prejudice. (D.E. # 20 ¶ 4.) The Court construes this as a request to vacate Plaintiff's voluntary dismissal.

## DISCUSSION

Pursuant to Rule 41(a)(1)(A)(i), a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." The Second Circuit has explained that this rule has the "important purpose" of "establishing a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action." Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979). The Court in Thorp accordingly held that, save for a narrow exception clearly not implicated here for "extreme" cases where the merits of the case had been squarely and extensively brought before the court prior to the filing of either the answer or motion for summary judgment, "notices of dismissal filed in conformance with the explicit requirements of [Rule 41(a)(1)(A)(i)] are not subject to vacatur." Id. at 1176.

Defendant's motion inadequately addresses how this Court could, in the absence of Defendant filing an answer or motion for summary judgment, vacate plaintiff's voluntary dismissal filed in conformance with Rule 41. The one argument that Defendant raises for the first time in her reply brief—and unsupported by any case law or citation to the record—is that because the papers filed by both parties regarding the motion allegedly included documents outside the pleadings, "the court can consider this matter as a motion for summary judgement," which would

render plaintiff's voluntary dismissal improper. (D.E. # 20 ¶ 7.) Indeed, although Defendant does not cite this case, the Second Circuit in <u>Yosef v. Passamaquoddy Tribe</u>, 876 F.2d 283 (2d Cir. 1989), <u>overruled on other grounds</u>, <u>Chemiakin v. Yefimov</u>, 932 F.2d 124, 129 (2d Cir. 1991), held that "where a 12(b)(6) motion ripens into one for summary judgment, the right to voluntary dismissal is extinguished at the time the motion is served." <u>Id.</u> at 286. In <u>Yosef</u>, after the plaintiff filed a notice of voluntary dismissal, the district court nonetheless rendered an opinion on the motion to dismiss that had been previously filed and which had included matters outside the pleadings. <u>See id.</u> On appeal, the Second Circuit explained that under what was then Federal Rule of Civil Procedure 12(b), if "matters outside the pleadings are presented to the court and not excluded, the motion 'shall be treated as one for summary judgment.'" <u>Id.</u> The Second Circuit then explicitly noted that "[t]hese submissions were not excluded by the [district] court" and so, given the abovementioned provision in Rule 12(b), the Second Circuit found it "appropriate to treat the motion to dismiss under Rule 12(b)(6) as one for summary judgment." <u>Id.</u>

By contrast, this Court has never ruled on Defendant's motion for judgment on the pleadings, nor given the parties notice of an intent to convert the motion to one for summary judgment. <u>See</u> Fed. R. Civ. P. 12(d) (where the district court plans to convert a Rule 12(c) motion into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"). Indeed, Plaintiff's opposition to Defendant's motion was not due until April 4, 2016—a week after Plaintiff filed his notice of dismissal—and therefore even if the Court were theoretically on notice that Defendant was filing a motion to dismiss or that it included material outside the pleadings, the Court could not have known whether Plaintiff was likewise including extraneous materials and there was no fully briefed motion pending before the Court. (<u>See</u> D.E. dated February 4, 2016.) This Court has

3

accordingly never relied upon the matters outside the pleadings in making any decision or otherwise failed to exclude those documents from its consideration of the motion, because there was no complete motion before the Court that the Court could even have considered. See Premier Fabrics, Inc. v. Woodland Trading Inc., 42 F. Supp. 3d 549, 552 (S.D.N.Y. 2014) ("Even if [extraneous materials] could have been considered only by conversion of the motion, the motion had not been so converted. Thus, no motion for summary judgment had been filed, and plaintiff's right to discontinue without prejudice by notice remained extant at the time plaintiff's notice was filed."); Activox, Inc. v. Envirotech Corp., 85 F.R.D. 132, 134 (S.D.N.Y. 1980) (rejecting defendant's contention that upon the filing of matters outside the pleadings "their motion to dismiss the complaint is automatically converted to a motion for summary judgment," and ruling that "at the time plaintiff filed its voluntary dismissal, defendants' motion could not have been converted into a motion for summary judgment, since the Court had not even examined that motion to determine whether the affidavits would be excluded from consideration, and since plaintiff had not been given the opportunity to present all material pertinent to a summary judgment motion as required by Rule 12(b)(6)"); see also Berthold Types Ltd. v. Adobe Sys., 242 F.3d 772, 776 (7th Cir. 2001) ("A motion to dismiss must be *treated* as a motion for summary judgment if the judge *considers* matters outside the complaint, but the judge may elect to treat a motion as what it purports to be and disregard the additional papers. [Plaintiff] filed its notice of dismissal under Rule 41(a)(1)(i) before the district judge could decide whether to consider [Defendant's] additional submissions. . . . [T]herefore, [Defendant] had filed neither an answer nor a motion for summary judgment.").

Other circuits have likewise concluded that a Rule 12 motion does not spontaneously covert to a Rule 56 motion for summary judgment upon a party's filing of extraneous materials, but rather

must await the court's decision of whether to consider or exclude those materials. See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003); Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp., 109 F.3d 993, 995–97 (4th Cir. 1997); Aamot v. Kassel, 1 F.3d 441, 444–45 (6th Cir. 1993); see also Moore's Federal Practice - Civil § 41.33 (2017) ("The better view is that a formal, court-ordered conversion is required: thus, a notice of dismissal may be vacated only if filed after the time that the court has actually reviewed the motion to dismiss, determined whether to include or exclude the extraneous matters, notified the parties of the conversion to Rule 56, and expressly afforded the parties a reasonable opportunity to present materials relevant to a motion for summary judgment."). But see Kurkowski v. Volcker, 819 F.2d 201, 203 (8th Cir. 1987) ("Under Fed.R.Civ.P. 12(b), a defendant's motion to dismiss is transformed into a motion for summary judgment when matters outside the pleadings are also submitted to the court."). The motion for judgment on the pleadings having never "ripened" into a motion for summary judgment, there is no cause for retroactively changing the motion that was actually filed under Rule 12(c), and which this Court never considered, into a motion under Rule 56.

This is not to say that the Federal Rules leave Defendant at the mercy of Plaintiff's ability to file suit in federal court, force her to incur expenses, and then dismiss before she can answer or move for summary judgment. Rule 41(d) states that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41. This rule "serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed," Delvalle v. Cedric Kushner Promotions, Ltd., No. 00-CV-5688 (JSR), 2000 WL 1915808, at *1 (S.D.N.Y. Jan. 9, 2000), and has been interpreted in this Circuit to include payment of attorney's

fees as "compensation for work done in the first action that cannot be used in a second existing or contemplated action," Hintergerger v. Catholic Health Sys., No. 08-CV-952 (WMS), 2012 WL 1965435, at *1 (W.D.N.Y. May 31, 2012). See also New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecommunications, No. 06-CV-3529 (JG) (KAM), 2007 WL 2908110, at *17 (E.D.N.Y. Oct. 5, 2007) ("Although Rule 41(d) does not explicitly provide that attorneys' fees may be awarded, the weight of authority in this Circuit supports such an award."). The Court highlights this rule to put Plaintiff, who is proceeding pro se, on notice of the potential consequences of refiling the same or "substantially similar causes of action, in this or any other court." BH Seven, LLC v. Ambit Energy, L.P., No. 11-CV-2483 (ARR), 2012 WL 4445825, at *3 (E.D.N.Y. Sept. 25, 2012). Having done so, the Court denies Defendant's request to vacate Plaintiff's voluntary dismissal of this action.

SO ORDERED.

Dated: July 19, 2017
Brooklyn, New York

s/ Carol B Amon
Carol Bagley Amon
United States District Judge